UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Zackaria D. M.,[1]<br><br>Petitioner,<br><br>v.<br><br>Merrick B. Garland et al.,<br><br>Respondents. | Case No. 21-CV-2629 (SRN/LIB)<br><br>**MEMORANDUM OPINION AND ORDER** |

Benjamin Casper Sanchez, University of Minnesota Law School, Federal Immigration Litigation Clinic, 190 Mondale Hall, 229 19th Avenue South, Minneapolis, Minnesota 55455; Ian Bratlie, ACLU of Minnesota, P.O. Box 907, Mankato, Minnesota 56002; John R. Bruning, The Advocates for Human Rights, Refugee & Immigrant Program, 330 2nd Avenue South, Suite 800, Minneapolis, Minnesota 55401; Mary Georgevich, National Immigrant Justice Center, 224 South Michigan Avenue, Suite 600, Chicago, Illinois 60604; Michael D. Reif and Rajin Olson, Robins Kaplan LLP, 800 LaSalle Avenue, Suite 2800, Minneapolis, Minnesota 55402; Nadia Anguiano-Wehde, University of Minnesota Law School, James H. Binger Center for New Americans, 190 Mondale Hall, 229 19th Avenue South, Minneapolis, Minnesota 55455; Teresa J. Nelson, ACLU of Minnesota, P.O. Box 14720, Minneapolis, Minnesota 55414; and Paul Abraham Dimick, Minnesota Freedom Fund, P.O. Box 6398, Minneapolis, Minnesota 55406, for Petitioner.

Ana H. Voss and Andrew Tweeten, United States Attorney's Office, 300 South Fourth Street, Suite 600, Minneapolis, Minnesota 55415, for Respondents.

SUSAN RICHARD NELSON, United States District Judge

This matter is before the Court on the Objections filed by Petitioner Zackaria D. M. ("Pet'r's Objs.") [Doc. No. 22] and Respondents Merrick B. Garland, Alejandro Mayorkas,

---

[1] This District has adopted the policy of using only the first name and last initial of any nongovernmental parties in immigration matters.

Tae D. Johnson, Marcos Charles, and Joel Brott ("Resp'ts' Objs.") [Doc. No. 24] to United States Magistrate Judge Leo I. Brisbois's Report and Recommendation ("R&R") [Doc. No. 16] dated July 27, 2022. The magistrate judge recommends granting in part and denying in part Mr. M.'s Petition for Writ of Habeas Corpus (the "Petition") [Doc. No. 1]. Although the Court agrees with the magistrate judge to the extent he recommends granting the Petition, the Court respectfully declines to adopt the recommendation to the extent he recommends that the Petition be denied. Accordingly, based on a review of the files, submissions, and proceedings herein, and for the reasons stated below, the Court overrules the Respondents' Objections, sustains the Petitioner's Objections, and grants the Petition.

## I.   BACKGROUND

The factual and procedural background of this matter are well documented in the R&R and are incorporated herein by reference. (*See* R&R at 1–6.)

### A.   Factual Background

Petitioner is a citizen of Somalia who entered the United States as a refugee in 1998 and again in 2006. (*Id.* at 1.) Petitioner applied for permanent residence, but U.S. Citizenship and Immigration Services ("USCIS") denied his request. (*Id.* at 1–2.) Between 2011 and 2017, Mr. M. was convicted of multiple criminal offenses, among them theft of a motor vehicle and aggravated assault. (*Id.* at 2–3; *see also* Resp'ts' Opp'n [Doc. No. 12] at 2 (containing a list of Petitioner's convictions).) While serving his sentence for assault, immigration authorities charged Mr. M. as removable under the Immigration and Nationality Act ("INA"), having found that his past criminal convictions were crimes of moral turpitude and violence. *See* 8 U.S.C. §§ 1227(a)(2)(A)(i) (concerning crimes of

2

moral turpitude), (a)(2)(A)(iii) (concerning aggravated felonies). Detention under these circumstances is mandatory. *See* 8 U.S.C. § 1226(c)(1)(B)–(C) (authorizing the U.S. Attorney General to "take into custody any alien who . . . is deportable by reason of having committed any offense covered in [8 U.S.C. §§ 1227(a)(2)(A)(i) and (a)(2)(A)(iii)]"). Mr. M. subsequently appealed the removal order to the Board of Immigration Appeals ("BIA"). (R&R at 4.)

When he completed serving his sentence for assault on January 25, 2021, U.S. Immigration and Customs Enforcement ("ICE") took him into custody pursuant to 8 U.S.C. § 1226(c). (*Id.* at 2.) While in ICE's custody, an immigration judge ("IJ")[2] assessed Mr. M. as competent to continue with removal proceedings, and Mr. M. appealed this competency decision to the BIA as well. (*Id.* at 4–6.) Thus, Mr. M.'s competency and removal proceedings remain pending. During the pendency of these matters, ICE has detained Mr. M. for now more than 20 months. (*Id.* at 6.)

### B. Procedural History

#### 1. The Petition

On December 8, 2021, Mr. M. filed the instant Petition which challenges the constitutionality of his continued detention without a bond hearing. (Pet. ¶ 1.) He seeks an order from this Court for an individualized bond hearing before an IJ at which: (1) the government must bear the burden to prove, by clear and convincing evidence, that his

---

[2] An immigration judge, or "IJ," is an employee of the U.S. Department of Justice authorized by the Immigration and Nationality Act ("INA") to grant U.S. citizenship and to decide cases of noncitizens in various types of removal proceedings.

detention is necessary because he presents a danger to the community or a flight risk; and (2) that, at such a bond hearing, the IJ must consider alternatives to detention and Mr. M.'s ability to pay the bond, if any is set. (*Id.* ¶ 4.) Respondents oppose the Petition, arguing that ICE's detention of Mr. M. remains constitutional under 8 U.S.C. § 1226(c) until his removal proceedings are resolved but that, even if the Court orders a bond hearing, the Court lacks the authority to order any additional procedural safeguards at that hearing as a remedy for his constitutional claim of prolonged detention. (Resp'ts' Opp'n at 6, 23, 26.)

    2.    **The R&R**

In his July 27, 2022 R&R, Magistrate Judge Brisbois found that Mr. M.'s detention of then-18 months without a bond hearing was unconstitutional because it violates his constitutional due process rights. (R&R at 17.) Based on this finding, the magistrate judge recommends that the Court grant in part and deny in part Mr. M.'s request for habeas corpus relief. (*Id.* at 27–28.) Specifically, he recommends that an "immigration judge be required to conduct a bond hearing by no later than twenty-one (21) days after" the R&R's adoption, during which the government must bear the "burden to prove, by clear and convincing evidence, that Petitioner's continued detention is necessary because he is either a danger to the community or a flight risk[.]" (*Id.* at 23, 28.) However, the magistrate judge declined to recommend that the Court order the IJ to consider alternatives to detention or Mr. M.'s ability to post bond because Mr. M. had not presented evidence that, absent a court order, the IJ would not consider such procedural safeguards. (*Id.* at 23–26.)

### 3. The Objections

Both parties raised timely objections to the R&R. Respondents object to the magistrate judge's recommendation that they must bear the burden of proof at Petitioner's bond hearing. (Resp'ts' Objs. at 1.) For his part, Mr. M. asserts that the magistrate judge's recommendation did not go far enough and should have included a recommendation requiring the IJ "to consider alternatives to detention and [Mr. M.'s] ability to pay bond." (Pet'r's Objs. at 2.)

Thus, the Court reviews *de novo* the following two issues: (1) whether this Court may fashion a remedy for the constitutional deprivation of due process occasioned by his prolonged detention without a hearing by requiring the government at a bond hearing to prove, by clear and convincing evidence, that Mr. M. presents a danger to the community or a flight risk; and (2) further in support of that remedy, whether the IJ should be required to consider whether there are conditions or combinations of conditions of release that would ensure the safety of the community and his appearance at future immigration proceedings.

## II. DISCUSSION

According to statute, the Court must review *de novo* any portions of a magistrate judge's R&R to which a party specifically objects, and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b)(3); D. Minn. LR 72.2(b)(3).

"Writs of habeas corpus may be granted by the Supreme Court, . . . the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a). "The writ

of habeas corpus shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States[.]" *Id.* § 2241(c)(3). In seeking habeas relief, Mr. M. contends that ICE has violated his constitutional due process rights by detaining him for more than 20 months without a bond hearing. (Pet. ¶ 1.)

The Fifth Amendment entitles noncitizens "'to due process of law in deportation proceedings.'" *Demore v. Kim*, 538 U.S. 510, 523 (2003) (quoting *Reno v. Flores*, 507 U.S. 292, 306 (1993)); U.S. Const. amend. V. A criminal noncitizen subject to mandatory detention under 8 U.S.C. § 1226(c) may be detained during the "brief period necessary" for removal proceedings without periodic bond hearings. *Demore*, 538 U.S. at 513; *see also Jennings v. Rodriguez*, 138 S. Ct. 830, 851 (2018). However, the Supreme Court has cautioned that indefinite detention pending removal raises "serious constitutional concerns" and has held that there is "an implicit 'reasonable time' limitation" to detention during removal proceedings. *Zadvydas v. Davis*, 533 U.S. 678, 682 (2001).

Mr. M. claims that his now 20-plus month detention is unconstitutional because of its length, the likelihood it will continue, and the penal-like conditions of detention. (Pet. ¶¶ 36–47.) To determine whether a § 1226(c) detention has become unconstitutional, courts in this District have applied the multi-factor, fact-specific test set forth in *Muse v. Sessions*. 409 F. Supp. 3d 707, 715 (D. Minn. Sept. 18, 2018). Under the *Muse* test, courts focus on: (1) the total length of detention, (2) its likely future duration, and (3) the conditions of confinement. *Id.* Also, courts consider whether delays to the removal proceedings have been caused by the detainee or the government, along with the likelihood that the proceedings will result in a final removal order. *Id.* Applying the *Muse* test, Magistrate

Judge Brisbois determined that most of the factors supported a finding that ICE's detention of Mr. M. is now unconstitutional. (R&R at 7–18.) Thus, the magistrate judge recommends granting Mr. M.'s request for a bond hearing as the appropriate remedy. (*Id.* at 18.) Neither party disputes this recommendation. (*See* Pet'r's Objs. at 1–2; Resp'ts' Objs. at 1 n.1.)

The Court agrees with the magistrate judge that Mr. M.'s detention has become unconstitutional under the *Muse* factors, and that a prompt, individualized bond hearing is necessary. The Court hereby adopts this portion of the magistrate judge's findings and recommendations.

While the parties agree that a bond hearing should be held, they disagree about whether this Court has the authority to fashion procedural safeguards at that hearing as a remedy to ensure due process. Respondents object to the magistrate judge's recommendation that the Court order that the government has the burden to prove that Mr. M. is a danger to the community or flight risk. (Resp'ts' Objs. at 1.) Respondents argue that the statutory framework of 8 U.S.C. § 1226(c) places the burden on criminal noncitizens—not on the government—to prove that they do not pose a danger to the community or a flight risk. (*Id.* at 1–2.) Specifically, Respondents point to § 1226(c)(2), which governs the narrow circumstances under which a detained criminal noncitizen may be released. (*Id.* at 2.) Such release is conditioned upon the noncitizen's persuasive showing that "they 'will not pose a danger to the safety of other persons or of property and [are] likely to appear for any scheduled proceeding.'" (*Id.* (quoting 8 U.S.C. § 1226(c)(2); citing *Miranda v. Garland*, 34 F.4th 338, 352 (4th Cir. 2022)).) Respondents also claim that, because executive agencies are authorized to enforce 8 U.S.C. § 1226(c), the Court

7

should show deference to the IJ under *Chevron*,³ permitting it "to make any bond determination as to Petitioner on an open record in the first instance, without prospective interference from this Court." (*Id.* at 8 (citing *Reid v. Donelan*, 17 F.4th 1, 11–12 (1st Cir. 2021); *Chevron, U.S.A., Inc. v. Nat. Res. Def. Council, Inc.*, 467 U.S. 837, 844 (1984)).)

The Court disagrees. Courts in this District have routinely held that § 1226(c) is silent about which party bears the burden of proof at a criminal noncitizen detainee's bond hearing, observing that neither the Supreme Court nor the Eighth Circuit have directly addressed this issue. *See, e.g.*, *Pedro O. v. Garland*, 543 F. Supp. 3d 733, 735 (D. Minn. June 14, 2021); *Deng Chol A. v. Barr*, 455 F. Supp. 3d 896, 904 (D. Minn. Apr. 22, 2020); *Jamie M. v. Garland*, No. 21-CV-743 (NEB/BRT), 2021 WL 5567864, at *3 (D. Minn. Nov. 29, 2021) (citing *Omar M. v. Garland*, No. 20-CV-1784 (NEB/BRT), 2021 WL 3442337, at *4 (D. Minn. Mar. 29, 2021), *appeal dism. sub nom. Mohamed v. Garland*, No. 21-CV-2211, 2021 WL 5630346 (8th Cir. 2021)); *Nyynkpao B. v. Garland*, No. 21-CV-1817 (WMW/BRT), 2022 WL 1115452, at *5 (D. Minn. Apr. 14, 2022) (quoting *Bolus A. D. v. Sec'y of Homeland Sec.*, 376 F. Supp. 3d 959, 963 (D. Minn. Apr. 29, 2019)).

Moreover, Respondents' reliance on the four corners of 8 U.S.C. § 1226 ignores the obligation and authority of this Court to fashion constitutional due process protections that should be accorded to Mr. M. in light of his unconstitutionally prolonged detention. *See Omar M.*, 2021 WL 3442337, at *6 (stating that, in this context, "statutory interpretation

---

³ Under *Chevron*, courts should defer to an agency's reasonable interpretation of its statutory mandate. *See Sw. Bell Tel. Co. v. F.C.C.*, 153 F.3d 523, 535 (8th Cir. 1998).

must give way to constitutional analysis.") (citations omitted); *Nyynkpao B.*, 2022 WL 1115452, at *5 (citing *Pensamiento v. McDonald*, 315 F. Supp. 3d 684, 693 (D. Mass. May 21, 2018) (noting that deference to an agency's interpretation of a statute is not relevant to whether constitutional due process protections require the government to bear the burden of proof during an immigration bond hearing)); *Jamie M.*, 2021 WL 5567864, at *3 (citing *Omar M.*, 2021 WL 344233, at *6 (citing *Pensamiento*, 315 F. Supp. 3d at 693)).[4]

Next, Respondents argue that the magistrate judge erred in his evaluation of the appropriate burdens and standards of proof under the balancing test set forth in *Mathews v. Eldridge*, 424 U.S. 319, 335 (1976), when applied to a detained criminal noncitizen in an immigration matter. (Resp'ts' Objs. at 4.) The magistrate judge explained that courts typically balance three factors when

> determining the appropriate burden and standard of proof for a particular setting . . . : (1) "the private interest that will be affected by the official action"; (2) "the risk of an erroneous deprivation of such interest through the procedures used, and the probable value, if any, of additional or substitute procedural safeguards"; and (3) "the Government's interest, including the function involved and the fiscal and administrative burdens that the additional or substitute procedural requirement would entail."

(R&R at 20–21 (citing *Mathews*, 424 U.S. at 335).) Weighing these factors, here, the magistrate judge concluded that because Mr. M.'s liberty interest is "strong[,]" and because

---

[4] Relatedly, Respondents contend that placing the burden of proof on the government for criminal noncitizens would be logically inconsistent with 8 U.S.C. § 1226(a), which requires *non-criminal* noncitizens to bear the burden of proof at their bond hearings. (Resp'ts' Objs. at 2–3.) Again, the statutory due process protections built into § 1226(a) are not relevant to fashioning the appropriate remedy for ICE's violation of Mr. M.'s constitutional due process rights.

the "risk of an erroneous detention" is high, the government should bear a heightened burden to prove that his continued detention is necessary—even where the government has considerable and legitimate interests in ensuring the safety of the public and his appearance at future proceedings. (*Id.* at 21–22 (citing *Pedro O.*, 543 F. Supp.3d at 742; *Zadvydas*, 533 U.S. at 690).)

Respondents also argue that, because the Supreme Court has repeatedly found it constitutionally permissible for the legislative and executive branches to abridge the liberty interests of noncitizens in immigration matters, the *Mathews* test should not skew as heavily toward Mr. M.'s private interest. (Resp'ts' Objs. at 3–6 (citing *Demore*, 538 U.S. at 521–22; *Mathews v. Diaz*, 426 U.S. 67, 81 n.17 (1976); *Carlson v. Landon*, 342 U.S. 524, 542–44 (1952); *Landon v. Plasencia*, 459 U.S. 21, 34 (1982); *Wong Wing v. United States*, 163 U.S. 228, 235 (1896)).)

The Court again respectfully disagrees. The Court acknowledges that immigration matters fall largely within the executive and legislative grants of constitutional power, that the government has a legitimate interest in detaining criminal noncitizens subject to deportation proceedings, and that Congress has placed particular emphasis on detaining noncitizens convicted of certain criminal offenses under 8 U.S.C. § 1226(c). *See Diaz*, 426 U.S. at 81 (noting that "the responsibility for regulating the relationship between the United States and our alien visitors has been committed to the political branches of the Federal Government" because "decisions in these matters may implicate our relations with foreign powers"); *Pedro O.*, 543 F. Supp. 3d at 752; 8 U.S.C. § 1226(c). However, this allocation of power does not render legislative and executive actions immune from the constitutional

requirements of due process. *See Zadvydas*, 533 U.S. at 690 (holding that "[a] statute permitting indefinite detention of an alien would raise a serious constitutional problem" because the Fifth Amendment forbids the government from depriving a person of liberty without due process). Consistent with the Supreme Court's holding in *Zadvydas*, and when balancing the *Mathews* factors, "an overwhelming majority of courts have held that the Government must justify the continued confinement of an alien under § 1226(c) by clear and convincing evidence." *Pedro O.*, 543 F. Supp. 3d at 742 (citing *German Santos v. Warden Pike Cnty. Corr. Facility*, 965 F.3d 203, 213–14 (3d Cir. 2020)).

Applying *Mathews* here, the Court finds that Mr. M.'s freedom from physical confinement is unquestionably a strong private liberty interest. *Id.*; *see also Addington v. Texas*, 441 U.S. 418, 425 (1979); *Zadvydas*, 533 U.S. at 690. When such a serious liberty interest is at stake, the risk of erroneous deprivation is high and requires the government to "bear a heightened burden because 'the possible injury to the individual is significantly greater than any possible harm to the state.'" *Pedro O.*, 543 F. Supp. 3d at 742 (quoting *Addington*, 441 U.S. at 427); *see also Omar M.*, 2021 WL 3442337, at *5 (citing *German Santos*, 965 F.3d at 213 ("'[O]nce detention under § 1226(c) has become unreasonable, the Government must put forth clear and convincing evidence that continued detention is necessary.'")). Thus, balancing these factors in this case, the Court concludes—as the magistrate judge did—that the risk of erroneously detaining Petitioner without justification is high and is appropriately remedied by requiring the government to prove not just that it has the power to detain Mr. M.—as Respondents rightly claim—but that, based on clear

and convincing evidence, it must continue to do so to mitigate his danger to the public and/or his risk of flight.

Mr. M. argues, however, that the magistrate judge's recommendation falls short of fashioning a complete remedy for this due process violation because, in addition to ensuring that the government has the burden of proof, it fails to require the IJ to consider whether there are conditions or combinations of conditions of release that will ensure the safety of the community and Mr. M.'s appearance at future immigration proceedings. (Pet'r's Objs. at 2.)

First, Mr. M. argues that the Court must fully adjudicate all as-applied constitutional challenges that the parties raise. (*Id.* at 2–3 (citing Pet'r's Ex. Q to Pet'r's Objs. [Doc. No. 23-1] at 12–13) (referencing an unpublished opinion, *Sheikh v. Choate*, No. 22-CV-1627 (RMR) [Doc. No. 27] at *11–12 (D. Colo. July 27, 2022) (ordering that the habeas remedy due to a petitioner included a bond hearing at which: (1) the government must prove continued detention was justified by clear and convincing evidence, and (2) the IJ must "meaningfully consider alternatives to imprisonment such as community-based alternatives to detention including conditional release . . . [and] parole, as well as Petitioner's ability to pay a bond . . . .")); *Pedro O.*, 543 F. Supp. 3d at 740–41 (explaining that federal courts must fully decide the constitutional remedy that is due for a past due process violation).)

Second, Mr. M. contends that the magistrate judge failed to sufficiently consider the futility of obtaining these procedural protections from an IJ. (Pet'r's Objs. at 7.) He notes the magistrate judge agreed with the court's observation in *Pedro O.* that "'immigration

judges believe themselves prohibited from considering'" the required constitutional standard and quantum of proof for a § 1226(c) bond hearing, and thus, permitting an IJ to decide these questions "'would be an exercise in futility.'" (*Id.* at 8 (quoting *Pedro O.*, 543 F. Supp. 3d at 741).) Mr. M. argues that this same reasoning requires a complete remedy and that these procedural due process safeguards are all part and parcel of the same analysis to ensure that due process is met. (*Id.* (citing bond hearing decisions that demonstrate that IJs regularly refuse to consider such safeguards, including *In re Castillo-Cajura*, A089 853 733, 2009 WL 3063742, at *1 (B.I.A. Sept. 10, 2009); *In Re Mario Sandoval-Gomez*, A092 563 965, 2008 WL 5477710, at *1 (B.I.A. Dec. 15, 2008); *Hernandez v. Sessions*, 872 F.3d 976, 989 (9th Cir. 2017); Pet'r's Ex. R to Pet'r's Objs.[5] [Doc. No. 23-2] at 4).)

The Court acknowledges that no court in this District has specifically been asked to address what additional procedural safeguards are necessary to remedy this constitutional due process violation beyond shifting the burden of proof to the government. A few courts have tangentially considered this question. *See Pedro O.*, 543 F. Supp. 3d at 758 ("The Court agrees that a bond decision that does not take into account a person's financial

---

[5] Exhibit R to Petitioner's Objections is an IJ's decision in *Chuol*, in which that judge declined to follow Judge Menendez's order in the related *Chuol* habeas proceeding, 2022 WL 2302635, at *2. The IJ stated that it was "not bound by [a] District[] [Court's] Order directing the Immigration Court to hold a bond hearing with a mandated burden of proof that is not in compliance with immigration law[.]" (Pet'r's Ex. R to Pet'r's Objs. at 6.) The Court agrees that *Chuol* provides additional compelling evidence that, in practice, IJs may not respect a remedy fashioned by an Article III court in response to a constitutional due process violation.

circumstances would be, to say the least [], constitutionally suspect."); *Chuol P.M.*, 2022 WL 2302635, at *2 (citing *Pedro*).[6]

The Court agrees with the reasoning in *Pedro O.* that federal courts have a duty to fashion a full remedy for constitutional due process violations. 543 F. Supp. 3d at 741. To do so, there is no internally consistent way to separate out the burden and standard of proof from other procedural safeguards when ordering a remedial bond hearing. (Pet'r's Objs. at 6–7.) Put differently, there is no cogent way to logically sever the burden and standard of proof from the analysis itself—that is, that no condition, or combination of conditions of release, will reasonably assure the safety of the community or Mr. M.'s future appearance at immigration proceedings. Thus, the Court's remedy here will include a bond hearing at which the government bears the burden to prove that clear and convincing evidence

---

[6] BIA precedent appears to be inconsistent as to the consideration of procedural safeguards such as alternatives to detention and ability to pay in the context of a § 1226(c) bond hearing. *Pedro O.* cites to a Southern District of New York case, *Henandez v. Decker*, which held that "consideration of ability to pay and alternatives to detention appears to be compelled by BIA case law." *Pedro O.*, 543 F. Supp. 3d at 758 (citing *Hernandez v. Decker*, No. 18-CV-5026 (ALC), 2018 WL 3579108, at *12 (S.D.N.Y. July 25, 2018). *Hernandez*, in turn, cites to a Western District of New York case, *Abdi v. Nielson*, that explained that although the BIA has not expressly required IJs to consider ability to pay, "once an IJ determines that release of [a] detainee is appropriate, an IJ must consider ability to pay and alternative conditions of release in setting bond for an individual detained under § 1225(b)." 287 F. Supp. 3d 327, 338 (W.D.N.Y. 2018). Mr. M., however, proffers caselaw demonstrating that IJs have not, in practice, always considered alternatives to detention or ability to pay during § 1226(c) bond hearings. (Pet'r's Objs. at 8–10 (citing *Castillo-Cajura*, 2009 WL 3063742, at *1; *Mario Sandoval-Gomez*, 2008 WL 5477710, at *1; *Hernandez*, 872 F.3d at 989); Pet'r's Ex. R to Pet'r's Objs. at 6 (containing the IJ's recent *Chuol* decision)).)

supports not only Mr. M.'s continued detention, but that nothing less than his detention will suffice.

### III. CONCLUSION

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that:

1. The Objections of Respondents Merrick B. Garland, Alejandro Mayorkas, Tae D. Johnson, Marcos Charles, and Joel Brott [Doc. No. 24] to Magistrate Judge Brisbois's July 27, 2022 Report and Recommendation are **OVERRULED**;

2. Petitioner Zackaria D. M.'s Objections [Doc. No. 22] to Magistrate Judge Brisbois's July 27, 2022 Report and Recommendation are **SUSTAINED**;

3. The Court **ADOPTS**, in part, Magistrate Judge Brisbois's July 27, 2022 Report and Recommendation [Doc. No. 16] and respectfully **DECLINES** to **ADOPT**, in part, the R&R, as set forth in this Order; and

4. Mr. M.'s Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 [Doc. No. 1] is **GRANTED** as follows:

    a. Within 21 days of this Order, Respondents must ensure that Mr. M. receives an individualized bond hearing before an immigration judge. If no bond hearing occurs, then he must be released absent further order of this Court.

    b. At the bond hearing, the Government will have the burden of proving, by clear and convincing evidence, that no condition or combination of conditions of release and parole (including Mr. M.'s ability to post bond)

will ensure the safety of the community or Mr. M.'s appearance at future immigration proceedings.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**

Dated: October 28, 2022                         /s Susan Richard Nelson
                                                SUSAN RICHARD NELSON
                                                United States District Judge